Allison S. Wallin, Bar No. 313185
awallin@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 800.715.1330

Alvin Arceo, Bar No. 342387
aarceo@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendants
NATIONAL DISTRIBUTION CENTERS, LLC, AND SIDNEY R. BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENRIQUE ROCCO, an individual and on behalf of all others similarly situated,

Plaintiff,

v.

NATIONAL DISTRIBUTION CENTERS, LLC, a Delaware limited liability company; SIDNEY R. BROWN, an individual; ALVARO MENDOZA, an individual; and DOES 1 through 100, inclusive,

Defendants.

Case No. 5:23-cv-00623

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

**[28 U.S.C. §§ 1332, 1441 & 1446]**

Complaint Filed: February 3, 2023
Trial Date: None Set

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO THE PARTIES' COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants National Distribution Centers, LLC, and Sidney R. Brown (collectively "Defendants") hereby remove the above-entitled action brought by Plaintiff Enrique Rocco ("Plaintiff") in the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice of Removal"). A true and correct copy of this Notice of Removal will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Bernardino, and notice of the removal will be provided to counsel for Plaintiffs in accordance with 28 U.S.C. section 1446(d). In support of its Notice of Removal, Defendants respectfully submit to this Honorable Court the following information in support of their Notice of Removal:

## I. STATEMENT OF JURISDICTION

1. This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441, and 1446, and removal jurisdiction is based on 28 U.S.C. section 1332(d) (Class Action Fairness Act ["CAFA"]).

## II. VENUE

2. Venue is proper in this Court because Plaintiffs originally filed this action in San Bernardino Superior Court, located within the District and Division of the Court. *See* 28 U.S.C. § 1446(a). Venue of this action is also proper because jurisdiction is based on the CAFA, and the action may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the claim are alleged to have occurred. *See* 28 U.S.C. § 1391(b). Plaintiff alleges that venue is proper in San Bernardino County. *See* Exhibit 1 to Declaration of Alvin Arceo ("Arceo Decl.") at ¶ 14.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**III. PLEADINGS, PROCESS AND ORDERS**

3. On or about February 3, 2023, Plaintiff filed a Complaint for Damages ("Complaint") against Defendants and various DOE defendants in the Superior Court of the State of California, San Bernardino, Case No. CIVSB2300530, entitled *Enrique Rocco, an individual and on behalf of all others similarly situated v. National Distribution Centers, LLC, Sidney R. Brown, Alvaro Mendoza, and DOES 1 through 100, inclusive*. *See* Exhibit 2 to Arceo Decl. The Complaint asserts the following claims for relief: 1) Failure to Pay Overtime Wages; 2) Failure to Pay Minimum Wages; 3) Failure to Provide Meal Periods; 4) Failure to Provide Rest Periods; 5) Waiting Time Penalties; 6) Wage Statement Violations; 7) Failure to Timely Pay Wages; 8) Failure to Pay Vacation Time After Termination; and 9) Unfair Competition. *Id.*

4. On March 10, 2023, Defendant National Distribution Centers, LLC ("NDC") was served with the Summons, Complaint, Initial Case Management Order, Civil Case Cover Sheet, and Proofs of Service. A copy of the documents served on NDC is attached to the accompanying Declaration of Alvin Arceo. *See* Arceo Decl. at ¶ 3, Exh. 1. Defendants filed a General Denial and Affirmative Defenses to Plaintiffs' Complaint on April 6, 2023. *See* Arceo Decl. at ¶ 4, Exh. 2. A true and correct file-stamped copy of Defendants' Answer is attached to the Declaration of Alvin Arceo as Exhibit 2.

5. Pursuant to 28 U.S.C. ¶ 1446(a), the exhibits attached to Mr. Arceo's declaration in support of removal of this action constitute all process, pleadings, and orders served upon Defendants or filed, received, or served by it in this action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in San Bernardino Superior Court or served by any party.

6. As of the date of this Notice of Removal, no other parties have been named in this action. Arceo Decl. at ¶ 5.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## IV. TIMELINESS OF NOTICE OF REMOVAL

7. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant(s), within 30 days of Defendants receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(a)-(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice has been filed within thirty days from March 10, 2023, when Defendants were served with the Complaint and within one year from the commencement of the action. *See* Arceo Decl., ¶ 3. As referenced above, this Notice also contains all process, pleadings, and orders that Plaintiffs served on Defendants. *See* Arceo Decl., ¶ 3.

## V. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

### A. This Court Has Original Jurisdiction under CAFA.

8. This Court has original jurisdiction over this action pursuant to CAFA because: 1) at least one member of Plaintiffs' putative class is a citizen of a state different from any defendant; 2) Plaintiffs filed a class action on behalf of a putative class with over 100 class members; and 3) the amount in controversy exceeds $5 million, exclusive of interest and costs. See 28 U.S.C. § 1332(d).

### B. Diversity Exists Because Plaintiff is California Citizen And Defendants Are Diverse.

9. CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a state different from any defendants." 28 U.S.C. § 1332(d)(2)(A).

10. Plaintiff alleges in his Complaint that he is a resident of the State of California. Defendants are informed and believe Plaintiff is domiciled and resides in the State of California. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("place where a man lives is properly taken to be his domicile until the facts adduced

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA
94104
415.433.1940

establish the contrary"); *See* Arceo Decl., ¶ 3, Exhibit 1 at ¶ 2. For diversity purposes, a person is a citizen of a state in which he or she is domiciled. *See Kanter v. Warner-Lambert, Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

11. Under CAFA, "an unincorporated association [is] deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see, e.g., Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010). Although CAFA does not define an unincorporated association, the term has been found to include any business entity that is not a corporation. *See Ferrell*, 591 F.3d at 705, *Bond v. Veolia Water Indianapolis*, LLC, 571 F. Supp. 2d 905, 910 (S.D. Ind. 2008). In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the Supreme Court adopted the "nerve center" test for determining a corporation's principal place of business, defining "principal place of business" as the place where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1192. The nerve center will "normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination . . . not simply an office where the corporation holds its board meetings." *Id.* In determining a corporation's nerve center, a court is to apply a qualitative, not quantitative, test; there is no weighing of different factors. *Id.* at 1193-94. This definition extends to unincorporated associations covered by CAFA. *See, e.g., Heckemeyer v. NRT Mo.*, LLC, 4:12-cv-01532 AGF, 2013 WL 2250429, at *6 (E.D. Mo. May 22, 2013).

12. Here, NDC is a Delaware LLC with its principal place of business and headquarters in New Jersey. Declaration of Sarah Pontoski, ("Pontoski Decl."), ¶ 4. Its executive and administrative functions are housed within its headquarters in New Jersey. *Id.* As such, Defendant NDC is a citizen of Delaware and New Jersey for purposes of removal under CAFA.

13. Defendant Sidney R. Brown is domiciled in and a citizen of Colorado. *Id.* at 6.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA
94104
415.433.1940

14. Under no interpretation of the facts could Defendants NDC or Sidney R. Brown be considered citizens of California.

15. Defendants are unaware of any other party having been named and served as of the date of this Notice. *See* Arceo Decl., ¶ 5. The presence of unidentified DOE defendants in this case has no bearing on diversity with respect to removal. See 28 U.S.C. § 1441(b) (for purposes of removal under this chapter, "the citizenship of defendants sued under fictitious names shall be disregarded").

16. As set forth above, Plaintiff is a citizen of the State of California, while Defendant NDC is a citizen of the State of Delaware and New Jersey, and Defendant Sidney R. Brown resides and is a citizen of Colorado.

**C. Plaintiff Alleges Claims On Behalf Of More Than 100 Putative Class Members.**

17. CAFA provides this Court with jurisdiction over a class action when, inter alia, "the number of members of all proposed plaintiff classes in the aggregate [is not] less than 100." 28 U.S.C. § 1332(d)(1)(D). CAFA defines "class members" as those "persons (named or unnamed") who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

18. Plaintiff brings his claims on behalf of a putative class defined as "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class[.]" *See* Arceo Decl., ¶ 3, Exh. 1, ¶ 24. Additionally, Plaintiff is informed and believes that "there are over five-hundred (500) Class Members employed by Defendants within the State of California." *Id.* at ¶ 27.

19. NDC has employed over 6,500 non-exempt employees in California from February 3, 2019 to April 5, 2023. *See* Declaration of Michelle Montesano ("Montesano Decl."), ¶ 3.

20. NDC has employed 4,250 non-exempt employees in California who

separated employment from NDC between February 3, 2019 to April 5, 2023. The putative class members were paid an average hourly rate of $18.53. *Id.* at ¶ 4.

**D. The Amount In Controversy Is Over $5 Million.**

21. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). To remove a case from a state court to a federal court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal. *See Dart Cherokee Basin Operating Company LLC v. Brandon W. Owens*, 135 S. Ct. 547, 551 (2014). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. *See id*. The defendant's notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (same). Evidence establishing the amount in controversy is only required when plaintiff contests, or the court questions defendant's allegations. *See Dart*, 135 S. Ct. at 551. "[N]o antiremoval presumption attends cases invoking CAFA." *Id.* at 554.

22. Defendants deny the validity and merits of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming a jury would return a verdict in Plaintiffs' favor, the amount in controversy as alleged by Plaintiffs exceeds the sum of $5 million.

**1. The Amount In Controversy Far Exceeds $5,000,000.**

23. Although Plaintiff asserts nine causes of action, Defendant calculates the amount in controversy in this Notice based ***only on three of Plaintiff's causes of action***. Nevertheless, the $5 million jurisdictional threshold is easily met.

24. Plaintiff's Fifth Cause of Action is for failure to pay timely final wages due upon termination. *See* Arceo Decl., ¶ 3, Exh. 1 at ¶¶ 63-70. California Labor Code Section 203 provides for one-day's wages for each day an employee who has

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

separated from his or her employer is not paid all wages owed, up to a total of thirty days' of wages. *See* Cal. Lab. Code § 203. California Labor Code section 203 has a three-year statute of limitations. *See id.* Plaintiff alleges that "Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination[.]" *Id.* at 66. Based on Plaintiff's allegations (including failure to pay overtime wages, failure to pay minimum wages, failure to pay meal and rest periods, etc.) which would virtually affect every employee, even a conservative estimate that only 33% of employees were not paid all wages due upon termination would meet the statutory minimum required for this Court to exercise CAFA jurisdiction.

25. Specifically, assuming a 33% of employees were affected (again, a modest number given Plaintiff's allegations would virtually affect every separated employee), the amount in controversy, on that cause of action alone would amount to $6,237,198.[1]

26. Plaintiff's Second and Third Cause of Action alleges failure to pay overtime wages and minimum wages. Plaintiff seeks to represent "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." *See* Arceo Decl., ¶ 3, Exh. 1, ¶ 24. Plaintiff alleges that "Plaintiff and Class Members at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked[.]" *See* Arceo Decl., ¶ 3, Exh. 1, Complaint at ¶ 38. The statute of limitations for Plaintiff's claims for failure to timely pay minimum, regular, and/or overtime wages is three years (see Cal. Code Civ. Proc. § 338), but may be extended to 4 years under

[1] Calculation is *conservatively* based on: [33% affected rate x 4,250 separated employees] = 1,402 affected employees; [1,402 affected employees x $18.53 average rate x 8 hours x 30 days] = $6,237,198.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

California's unfair competition law (Bus. & Prof. Code §§ 17200, et seq.). Putative class members, as defined by Plaintiff, were paid an average hourly rate of $18.53. *See* Montesano Decl, ¶ 3. Based on the lower end of Plaintiff's allegations, *conservatively* assuming that overtime was not paid to all non-exempt employees 1% of the time, the value of the putative class's unpaid minimum and overtime wages claims alone would amount to approximately $15,031,536.[2]

27. In sum, although Defendants do not concede that Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims clearly exceeds the $5 million jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiffs in this action under CAFA, 28 U.S.C. section 1332(d)(2).

## VI. NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

23. Contemporaneously, with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record. In addition, a copy of this Notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino as required by 28 U.S.C. section 1446(d).

\\\

\\\

\\\

\\\

\\\

\\\

\\\

[2] Calculation is conservatively based on: [52 weeks/year] x [.4 hours of missing overtime per week (1% error x 40 hours a week)] x [1.5 overtime rate x $18.53] x [4 years] x [6,500 non-exempt employees] = $15,031,536.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## VII. CONCLUSION

Wherefore, Defendants removes the civil action filed against them in the California Superior Court, County of San Bernardino, to the United States District for the Central District of California.

Dated: April 7, 2023

LITTLER MENDELSON, P.C.

*/s/ Alvin Arceo*
ALLISON S. WALLIN
ALVIN ARCEO

Attorneys for Defendants
NATIONAL DISTRIBUTION CENTER, LLC, AND SIDNEY R. BROWN

4859-3845-1291.1 / 045921-1052

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA
94104
415.433.1940