EXHIBIT 1

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>NATIONAL DISTRIBUTION CENTERS, LLC, a Delaware limited liability company; SIDNEY R. BROWN, an individual; ALVARO MENDOZA, an individual; and DOES 1 through 100, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>ENRIQUE ROCCO, an individual and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>**FEB 03 2023**<br><br>BY _Sylvia Guajardo_<br>SYLVIA GUAJARDO, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>County of San Bernardino<br>247 West Third Street<br>San Bernardino, CA 92415-0210 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIVSB 2300530 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BIBIYAN LAW GROUP, P.C., David D. Bibiyan, 8484 Wilshire Boulevard, Ste 500 Beverly Hills, CA 90211 Tel: (310) 438-5555; Fax: (310) 300-1705

| | | |
|---|---|---|
| DATE: **FEB 03 2023**<br>*(Fecha)* | Clerk, by **SYLVIA GUAJARDO**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NATIONAL DISTRIBUTION CENTERS, A DELAWARE LIMITED LIABILITY COMPANY
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☒ other *(specify):* CODE CODE 17701.16
4. ☒ by personal delivery on *(date):* 3/10/2023

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  **BIBIYAN LAW GROUP, P.C.**
   David D. Bibiyan (Cal. Bar No. 287811)
2  *david@tomorrowlaw.com*
   Jeffrey D. Klein (Cal. Bar No. 297296)
3  *jeff@tomorrowlaw.com*
   Jean Hopkins Power (Cal. Bar No. 326509)
4  *jean@tomorrowlaw.com*
   Anita Lodi (Cal Bar No. 347554)
5  *anita@tomorrowlaw.com*
6  8484 Wilshire Boulevard, Suite 500
   Beverly Hills, California 90211
7  Tel: (310) 438-5555; Fax: (310) 300-1705

8  Attorneys for Plaintiff, ENRIQUE ROCCO and
   on behalf of himself and all others similarly situated
9

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

FEB 03 2023

BY _____
SYLVIA GUAJARDO, DEPUTY

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              FOR THE COUNTY OF SAN BERNARDINO

12  ENRIQUE ROCCO, an individual and on     CASE NO.: CIV SB  2 3 0 0 5 3 0
    behalf of all others similarly situated,
13
                                            **CLASS ACTION COMPLAINT FOR:**
14              Plaintiff,
                                            1. FAILURE TO PAY OVERTIME WAGES;
15        v.
                                            2. FAILURE TO PAY MINIMUM WAGES;
16
                                            3. FAILURE TO PROVIDE MEAL
17  NATIONAL DISTRIBUTION CENTERS,             PERIODS;
18  LLC, a Delaware limited liability company;
    SIDNEY R. BROWN, an individual;         4. FAILURE TO PROVIDE REST PERIODS;
19  ALVARO MENDOZA, an individual; and
    DOES 1 through 100, inclusive,          5. WAITING TIME PENALTIES;
20
                                            6. WAGE STATEMENT VIOLATIONS;
21              Defendants.
                                            7. FAILURE TO TIMELY PAY WAGES;
22
                                            8. VIOLATION OF LABOR CODE § 227.3
23                                             and
24                                          9. UNFAIR COMPETITION.
25
                                            **DEMAND FOR JURY TRIAL**
26
                                            [Amount in Controversy Exceeds $25,000.00]
27

28

---
CLASS ACTION COMPLAINT

Plaintiff Enrique Rocco, on behalf of Plaintiff and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against National Distribution Centers, LLC, and any of its respective subsidiaries or affiliated companies within the State of California ("National Distribution Centers"); Sidney R. Brown ("Brown"); and Alvaro Mendoza ("Mendoza" and collectively, with National Distribution Centers, Brown, and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A.    Plaintiff

2.      Plaintiff Enrique Rocco is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, operating a forklift and loading pallets of supplies.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff Enrique Rocco worked for Defendants from approximately May of 2022 through approximately June of 2022.

### B.    Defendants

3.      Plaintiff is informed and believes and based thereon allege that defendant National Distribution Centers is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Bernardino, State of California.  At all relevant times herein, National Distribution Centers employed Plaintiff and similarly situated employees within the State of California

4.      Plaintiff is informed and believes and based thereon alleges that defendant Brown is, and at all times relevant hereto was, an individual residing in California, as well as the Chief Executive Office of National Distribution Centers, and DOES 1 through 100, as further defined

2

below. Plaintiff is further informed and believes and based thereon alleges that Brown violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

5.        Plaintiff is informed and believes and based thereon alleges that defendant Mendoza is, and at all times relevant hereto was, an individual residing in California, as well as a Supervisor of National Distribution Centers, and DOES 1 through 100, as further defined below.

6.        The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include National Distribution Centers, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as Brown, Mendoza, and DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7.        Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

3

8.        All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

9.        Plaintiff is further informed and believes and based thereon alleges that Brown and Mendoza violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

10.        Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

11.    .    Plaintiff is informed and believes, and based thereon allege that despite the formation of the purported corporate existence of National Distribution Centers, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with Brown, Mendoza and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

A.    The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.    The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal

4

1    expenditures;

2    C.    Plaintiff is informed and believes and thereon alleges that the Individual Defendants

3    and the Alter Ego Defendants, while really one and the same, were segregated to

4    appear as though separate and distinct for purposes of perpetrating a fraud,

5    circumventing a statute, or accomplishing some other wrongful or inequitable

6    purpose;

7    D.    Plaintiff is informed and believes and thereon alleges that the business affairs of the

8    Individual Defendants and the Alter Ego Defendants are, and at all relevant times

9    mentioned herein were, so mixed and intermingled that the same cannot reasonably

10    be segregated, and the same are inextricable confusion. The Alter Ego Defendants

11    are, and at all relevant times mentioned herein were, used by the Individual

12    Defendants as mere shells and conduits for the conduct of certain of their, and each

13    of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned

14    herein were, the alter egos of the Individual Defendants;

15    E.    The recognition of the separate existence of the Individual Defendants and the Alter

16    Ego Defendants would promote injustice insofar that it would permit defendants to

17    insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor

18    Code, and other statutory violations. The corporate existence of these defendants

19    should thus be disregarded in equity and for the ends of justice because such

20    disregard is necessary to avoid fraud and injustice to Plaintiff herein;

21    F.    Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual

22    Defendants (and vice versa), and the fiction of their separate corporate existence

23    must be disregarded;

24    12.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

25    thereon alleges that Defendants, and each of them, are joint employers.

26    **JURISDICTION**

27    13.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code

28    of Civil Procedure section 410.10.

CLASS ACTION COMPLAINT

14.     Venue is proper in San Bernardino County, California pursuant to Code of Civil
Procedure sections 392, et seq. because, among other things, San Bernardino County is where the
causes of action complained of herein arose; the county in which the employment relationship
began; the county in which performance of the employment contract, or part of it, between Plaintiff
and Defendants was due to be performed; the county in which the employment contract, or part of
it, between Plaintiff and Defendants was actually performed; and the county in which Defendants,
or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff
and Class Members in San Bernardino County, and because Defendants employ numerous Class
Members in San Bernardino County.

## FACTUAL BACKGROUND

15.     For at least four (4) years prior to the filing of this action and continuing to the
present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or
some of them, in violation of California state wage and hour laws as a result of, without limitation,
Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and
seven consecutive work days in a work week without being properly compensated for hours worked
in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours
worked on the seventh consecutive work day in a work week by, among other things to the detriment
of Plaintiff and Class Members.

16.     For at least four (4) years prior to the filing of this Action and continuing to the
present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,
or some of them, in violation of California state wage and hour laws as a result of, among other
things, to the detriment of Plaintiff and Class Members.

17.     For at least four (4) years prior to the filing of this Action and continuing to the
present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,
full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than
five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on
which they worked in excess of ten (10) hours in a work day, and failing to provide compensation
for such unprovided meal periods as required by California wage and hour laws.

6

CLASS ACTION COMPLAINT

18.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

19.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

20.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

21.     For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

22.     Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 404, 510, 512, 558.1, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, and other such provisions of California law, and reasonable attorneys' fees and costs.

CLASS ACTION COMPLAINT

23.       Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

24.       Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

25.       Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

26.       This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A.    Numerosity

27.       The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over five-hundred (500) Class Members employed by Defendants within the State of California.

28.       Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

//

8

**B.   Commonality**

29.        There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

    B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

    C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

    D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

    E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

    F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

    G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

    H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

    I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

    J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

    K.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

    L.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

M.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

N.   Are Class Members entitled to costs and attorneys' fees?

O.   Are Class Members entitled to interest?

**C.    Typicality**

30.      The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.   Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

31.      Plaintiff will fairly and adequately represent and protect the interest of Class Members.   Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

32.      A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.   Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

33.      Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

34.      Plaintiff realleges and incorporates by reference all of the allegations contained in

10

1   the preceding paragraphs as though fully set forth hereat.

2       35.      At all relevant times, Plaintiff and Class Members were employees or former
3   employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable
4   Wage Orders.

5       36.      At all times relevant to this Complaint, Labor Code section 510 was in effect and
6   provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
7   one workday and any work in excess of forty hours in any one workweek . . . shall be compensated
8   at the rate of no less than one and one-half times the regular rate of pay for an employee."

9       37.      At all times relevant to this Complaint, Labor Code section 510 further provided that
10  "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice
11  the regular rate of pay for an employee. In addition, any work in excess of eight hours on any
12  seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of
13  pay."

14      38.      Four (4) years prior to the filing of the Complaint in this Action through the present,
15  Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more
16  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)
17  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a
18  result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours
19  actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

20      39.      Accordingly, by requiring Plaintiff and Class Members to, at times, work greater
21  than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays
22  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on
23  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and
24  applicable IWC Wage Orders, and California law.

25      40.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have
26  been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery,
27  plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194
28  and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

41.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

42.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

43.    Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

44.    For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

45.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

46.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

47.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

48.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

49.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of

12

1  not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

2  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours

3  per day without providing the employee with a second timely meal period of not less than thirty (30)

4  minutes in which the employee is relieved of all of his or her duties.

5       50.       Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

6  with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

7  the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate

8  of compensation for each workday that the meal period is not provided.

9       51.       For four (4) years prior to the filing of the Complaint in this Action through the

10  present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-

11  free uninterrupted meal periods every five hours of work without waiving the right to take them, as

12  permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the

13  Class Member's regular rate of compensation on the occasions that Class Members were not

14  provided compliant meal periods.

15       52.       By their failure to provide Plaintiff and Class Members compliant meal periods as

16  contemplated by Labor Code section 512, among other California authorities, and failing, at times,

17  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully

18  violated the provisions of Labor Code section 512 and applicable Wage Orders.

19       53.       As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

20  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

21  owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

22       54.       Plaintiff and Class Members are entitled to recover the full amount of their unpaid

23  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

24  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

25  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

26  **FOURTH CAUSE OF ACTION**

27  **(Failure to Provide Rest Periods – Against All Defendants)**

28       55.       Plaintiff realleges and incorporates by reference all of the allegations contained in

13
CLASS ACTION COMPLAINT

1  the preceding paragraphs as though fully set forth hereat.

2      56.      At all relevant times, Plaintiff and Class Members were employees or former

3  employees of Defendants covered by applicable Wage Orders.

4      57.      California law and applicable Wage Orders require that employers "authorize and

5  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

6  work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

7  half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

8  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

9  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

10  thirty (30) minutes of paid rest period.

11      58.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

12  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

13  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

14  regular rate of compensation for each work day that the rest period is not provided.

15      59.      For four (4) years prior to the filing of the Complaint in this Action through the

16  present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

17  timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

18  thereof.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

19  Member's regular rate of compensation on the occasions that Class Members were not authorized

20  or permitted to take compliant rest periods.

21      60.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take

22  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

23  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants

24  willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

25      61.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

26  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

27  owed for rest periods that they were not authorized or permitted to take.

28      62.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

14

CLASS ACTION COMPLAINT

additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

63.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

64.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

65.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

66.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

67.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

15

1 | or resignation..

2 | 68.        Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to
3 | waiting time penalties from the date their earned and unpaid wages were due, upon termination or
4 | resignation, until paid, up to a maximum of thirty (30) days.

5 | 69.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
6 | suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
7 | prior to termination or resignation.

8 | 70.        Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
9 | 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
10 | waiting time penalties, interest, and their costs of suit, as well.

11 | ## SIXTH CAUSE OF ACTION

12 | **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

13 | 71.        Plaintiff realleges and incorporates by reference all of the allegations contained in
14 | the preceding paragraphs as though fully set forth hereat.

15 | 72.        At all relevant times, Plaintiff and Class Members were employees or former
16 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

17 | 73.        Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members
18 | were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
19 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net
20 | wages earned; all applicable hourly rates in effect during the pay period and the corresponding
21 | number of hours worked at each hourly rate; and the name and address of the legal entity that is the
22 | employer; among other things.

23 | 74.        Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year
24 | before the filing of the Complaint in this Action through the present, Defendants failed to comply
25 | with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their
26 | failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that
27 | accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;
28 | all applicable hourly rates in effect during the pay period and the corresponding number of hours

16

CLASS ACTION COMPLAINT

1  worked at each hourly rate; and the name and address of the legal entity that is the employer;  among

2  other things.

3      75.        Defendants' failure to, at times, provide Plaintiff and Class Members with accurate

4  wage statements was knowing, intentional, and willful.  Defendants had the ability to provide

5  Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully

6  provided wage statements that Defendants knew were not accurate.

7      76.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

8  suffered injury.  The absence of accurate information on Class Members' wage statements at times

9  has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and

10 mathematical computations to determine the amount of wages owed; causes difficulty and expense

11 in attempting to reconstruct time and pay records; and led to submission of inaccurate information

12 about wages and amounts deducted from wages to state and federal governmental agencies, among

13 other things.

14     77.        Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members

15 are entitled to recover $50 for the initial pay period during the period in which violation of Labor

16 Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent

17 pay period, not to exceed an aggregate $4,000.00 per employee.

18     78.        Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil

19 Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to

20 recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable

21 attorneys' fees, and costs of suit.

22                    **SEVENTH CAUSE OF ACTION**

23        **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

24     79.        Plaintiff reallege each and every allegation set forth in the preceding paragraphs and

25 incorporate each by reference as though fully set forth hereat.

26     80.        At all relevant times, Plaintiff and Class Members were employees or former

27 employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

28     81.        Labor Code section 204 provides that "[l]abor performed between the 1st and 15th

1  days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month

2  during which the labor was performed, and labor performed between the 16th and the last day,

3  inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following

4  month."

5      82.      Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely

6  independent and apart from, any other penalty provided in this article, every person who fails to pay

7  the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and

8  1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars

9  ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful

10  or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25

11  percent of the amount unlawfully withheld."

12      83.      Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

13  before the filing of the Complaint in this Action through the present, Defendants employed policies

14  and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with

15  Labor Code section 204.

16      84.      Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to

17  recover penalties for Defendants' violations of Labor Code section 204, in the amount of one

18  hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200)

19  for each subsequent violation in connection with each payment that was made in violation of Labor

20  Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

21      85.      Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

22  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

23  interest, and their costs of suit, as well.

24

25  **EIGHTH CAUSE OF ACTION**

26  **(Violation of Labor Code § 227.3 – Against All Defendants**

27      86.      Plaintiff re-alleges and incorporates by reference all of the allegations contained in

28  the preceding paragraphs of this Complaint as though fully set forth hereon.

87.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

88.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

89.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

90.     As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

91.     As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## NINTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

92.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

93.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies

19

1   doing business in the State of California that comply with their obligations to compensate employees

2   in accordance with the Labor Code.

3       94.      As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class

4   Members have suffered injury in fact and lost money or property.

5       95.      Pursuant to Business and Professions Code section 17203, Plaintiff and Class

6   Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor

7   Code and requiring the establishment of appropriate and effective means to prevent further

8   violations, as well as restitution of all wages and other monies owed to them under the Labor Code,

9   including interest thereon, in which they had a property interest and which Defendants nevertheless

10  failed to pay them and instead withheld and retained for themselves. Restitution of the money owed

11  to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched

12  by their failure to comply with the Labor Code.

13      96.      Plaintiff and Class Members are entitled to costs of suit under Code of Civil

14  Procedure section 1032 and interest under Civil Code section 3287.

15                          **DEMAND FOR JURY TRIAL**

16      97.      Plaintiff demands a trial by jury on all causes of action contained herein.

17                                  **PRAYER**

18      WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

19  against Defendants as follows:

20      A.      An order certifying this case as a Class Action;

21      B.      An Order appointing Plaintiff as Class representative and appointing Plaintiff's

22              counsel as class counsel;

23      C.      Damages for all wages earned and owed, including minimum and overtime wages

24              and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

25              1194, 1197 and 1199 and 227.3;

26      D.      Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

27      E.      Damages for unpaid premium wages from missed meal and rest periods under,

28              among other Labor Code sections, 512, 558.1 and 226.7;

CLASS ACTION COMPLAINT

F.   Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G.   Waiting time penalties under Labor Code sections 203 and 558.1;

H.   Penalties to timely pay wages under Labor Code section 210;

I.   Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

J.   Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

K.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

L.   For attorneys' fees in prosecuting this action;

M.   For costs of suit incurred herein; and

N.   For such other and further relief as the Court deems just and proper.

Dated: January 31, 2023            BIBIYAN LAW GROUP, P.C.


BY:  _Jean H. Power_____
     JEAN H. POWER
     DAVID D. BIBIYAN
     Attorneys for Plaintiff ENRIQUE ROCCO on
     behalf of herself and all others similarly situated

21

1  | Superior Court of California
2  | County of San Bernardino
   | 247 W. Third Street, Dept. S-26
3  | San Bernardino, CA  92415-0210

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 1 4 2023

BY _____
CUAUHTEMOC NUNEZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

ENRIQUE ROCCO, an individual and on
behalf of all others similarly situated,

vs.

NATIONAL DISTRIBUTION CENTERS,
LLC, a Delaware limited liability company;
SIDNEY R. BROWN, an individual;
ALVARO MENDOZA, an individual; and
DOES 1 through 100, inclusive,

Case No.: CIVSB2300530

**INITIAL CASE MANAGEMENT
CONFERENCE ORDER**

    This case is assigned for all purposes to Judge Joseph T. Ortiz in the Complex

Litigation Program, Department S-17, located at the San Bernardino Justice Center, 247

West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for

Department S-17 are (909) 708-8715 (Judicial Assistant) and (909) 708-8716 (Court

Attendant).

Revised 9/15/22

-1-

## SERVICE OF THIS ORDER

Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant or, if counsel is not known, on each defendant within five days of the date of this Order. If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the summons and complaint along with this Order within ten days of the date of this Order. Failure to serve this order may result in the imposition of monetary sanctions.

## THE INITIAL CASE MANAGEMENT CONFERENCE

An initial Case Management Conference (CMC) is scheduled for ___APR 2 1 2023___ at 8:30 a.m. Counsel may attend the initial CMC either in person or remotely, via CourtCall. Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule your appearance. Audio or video appearances are available. CourtCall may be used for all CMCs, motions, and other hearings. In person attendance is not required at the initial CMC or at subsequent conferences or motions unless specifically ordered by the court.

Counsel for all parties are ordered to attend the initial CMC. If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances. Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-17 (not in the clerk's office), no later than five court days before the scheduled hearing.

## RESPONSIVE PLEADINGS

Unless otherwise agreed by the parties, responsive pleadings are due as provided by statute. There is no stay on the pleadings or motions pending the initial

-2-

CMC. If, however, counsel agree to stay formal proceedings to facilitate settlement discussions or for other reasons, each defendant is directed to file either a Notice of General Appearance or a Notice of Special Appearance (if counsel intends to challenge personal jurisdiction). The notices are for purposes of identification of counsel and preparation of a service list. The filing of a Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint. The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.

## DISCOVERY

Unless all counsel agree otherwise, discovery is stayed pending the initial CMC. If the parties agree to conduct discovery in advance of the initial CMC, commencement of discovery is governed by statute.

## AGENDA FOR THE INITIAL CASE MANAGEMENT CONFERENCE

Counsel for all parties are ordered to meet and confer in person no *later* than fourteen days before the initial CMC to discuss the subjects listed below. Counsel must be fully prepared to discuss these subjects with the court:

1. Any issues of recusal or disqualification;

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

4.  A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5.  A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6.  Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7.  Any issues involving the protection of evidence and confidentiality;

8.  The use and selection of an electronic service provider;

9.  The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

<u>THE JOINT REPORT</u>

Counsel are ordered to meet and confer, in person or by telephone or video conference, and to prepare a joint report for the initial CMC, to be filed in advance of the conference date.  Separate reports from each party are not allowed.  Judicial council form CMC statements are not allowed.

<u>The joint report must be filed in the regular course in the Clerk's office in advance of the hearing, but to assure that the report is timely received in the department, a courtesy copy of the report should be emailed to jointcmcreports@sb-court.org. NOTE: (Please indicate for Judge Ortiz in subject line).  This is a dedicated email address only for courtesy copies of joint reports.  It is not a substitute for filing documents, and any unauthorized documents sent to the dedicated email address will be discarded without review.  All counsel must be cc'd on the email to avoid *ex parte* communications.</u>

-4-

The joint report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

Revised 9/15/22

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time needed to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically stored information (ESI ), the plan should include:

   a. Identification of the Information Management Systems used by the parties;

   b. The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

   c. The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

   d. The format in which ESI will be produced;

   e. Appropriate search criteria for focused requests.

   f. A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

   a. The next CMC (absent special circumstances, the court typically schedules the next CMC approximately six to eight months out);

   b. A schedule for any contemplated ADR;

-6-

c. A filing deadline (and proposed briefing schedule) for any anticipated
non-discovery motions.

d. With respect to class actions, the parties' tentative views on an
appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in
the Joint Report, the positions of each party or of various parties should be set forth
separately.  The parties are encouraged to propose, either jointly or separately, any
approaches to case management that they believe will promote the fair and efficient
handling of this case.

Any stipulations to continue conferences or other hearings throughout this
litigation must be filed with the court <u>directly in Department S-17 (not in the Clerk's
office)</u>, no later than five court days before the conference or hearing date.  Stipulations
filed only in the Clerk's office or submitted late to the Department likely cannot be
accommodated.

## <u>JOINT REPORTS FOR SUBSEQUENT CONFERENCES</u>

Counsel must submit a joint report for each conference after the initial CMC.  The
report should address how the case has moved forward since the last conference, what
needs to be accomplished in the future, and how the court can assist the parties move
the case towards resolution.  As with the initial report, subsequent joint reports must be
filed in the regular course in the Clerk's office in advance of the hearing, but to assure
that the reports are timely received in the department, courtesy copies should be
emailed to jointcmcreports@sb-court.org.  This is a dedicated email address only for
courtesy copies of joint reports.  It is not a substitute for filing documents, and any

-7-

1  unauthorized documents sent to the dedicated email address will be discarded without

2  review.  All counsel must be cc'd on the email to avoid *ex parte* communications.

3  <u>INFORMAL DISCOVERY CONFERENCES</u>

4        Motions concerning discovery cannot be filed without first requesting an informal

5  discovery conference (IDC) with the court.  Making a request for an IDC automatically

6  stays the deadline for filing any such motion.  IDCs are conducted by remote video

7  conference, using Zoom.    If counsel's computer (or other device) does not have

8  camera capability, an audio-only option is available.  Video appearance at the IDC,

9  however, is encouraged.  In-person attendance at the IDC is permissible only if all

10  counsel are appearing in person.  The Court will provide a link to join the remote

11  conference at the appointed time.  Please provide Department S-17's Judicial Assistant

12  ((909) 708-8715) or Court Attendant ((909) 708-8716) with an e-mail address.  No

13  briefing is allowed for the IDC, but counsel (either jointly or separately) should <u>lodge</u>

14  (not file) a <u>one page statement of the issues</u> in dispute in Department S-17 no later than

15  the day before the IDC.  All IDCs are off the record.

16        If all counsel agree, remote conferences are not limited to discovery issues;

17  counsel may address other matters with the court, with the understanding that the

18  conferences are off the record and that the court will make no orders absent agreement

19  among the parties.

20  Dated: _____ , 2023.

21   

22   

23  _____

24  Joseph T. Ortiz,
Judge of the Superior Court

Revised 9/15/22

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

---

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

The Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino, is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210.

These guidelines govern only cases designated (including provisional designated) as complex under California Rules of Court, Civil Rules, rules 3.400 - 3.403.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.

**Updated December 13, 2022**

- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A. Cases Designated by a Plaintiff as Complex or Provisionally Complex

All cases designated by a plaintiff as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. The Court will issue an Initial Case Management Conference Order and schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for the earliest practicable date, generally within approximately seventy-five days of the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must serve the Initial Case Management Conference Order and a copy of these guidelines on all parties at the earliest opportunity before the conference, and must file proof of service of the summons and complaint and proof of service of the Initial Case Management Conference Order with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the Civil Case Cover Sheet (Form CM- 100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

All cases which were not designated by a plaintiff as complex or provisionally complex, but which are counter-designated by a defendant (or cross-defendant) as complex or provisionally complex on the Civil Case Cover Sheet (Judicial Council Form CM-100), will be re-assigned to the Complex Litigation Department. At such time, the Court will schedule an Initial Case Management Conference for the earliest practicable date, generally within approximately forty-five days.  A defendant (or cross-defendant) counter-designating the case as complex or provisionally complex must serve a copy of these guidelines on all parties at the earliest opportunity.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

Updated December 13, 2022

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>BIBIYAN LAW GROUP, P.C. Jean Hopkins Power (Cal. Bar No. 326509)<br>8484 Wilshire Boulevard, Suite 500 Beverly Hills, California 90211 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 310-438-5555    FAX NO. *(Optional):* 310-300-1705<br>E-MAIL ADDRESS: jean@tomorrowlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, ENRIQUE ROCCO | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District – Civil Division

**FEB 03 2023**

BY _____
SYLVIA GUAJARDO, DEPUTY

CASE NAME:
ENRIQUE ROCCO v. NATIONAL DISTRIBUTION CENTERS, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | CIV SB 2300530 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [X] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 31, 2023

Jean H. Power
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

## C. Other Cases Assigned to the Complex Litigation Department

Whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving the Labor Code Private Attorney General Act of 2004 (PAGA) Claims.[1]
- Judicial Council Coordinated Proceedings (JCCP) if assigned by the Chair of the Judicial Council to a judge sitting in the Complex Litigation Department.

## REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

A judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference, generally within thirty days, and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department not to be complex, it will be returned to the referring judge.

## RESPONSIVE PLEADINGS AND MOTIONS

Unless otherwise agreed by the parties, responsive pleadings are due as provided by statute. There is no stay on the pleadings or motions pending the initial CMC. If, however, counsel agree to stay formal proceedings to facilitate settlement discussions or for other reasons, each defendant is directed to file either a Notice of General Appearance or a Notice of Special Appearance (if counsel intends to challenge personal jurisdiction). The notices are for purposes of identification of counsel and preparation of a service list. The filing of a Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint. The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.

For cases referred by other departments in which defendant has already made a general or special appearance, no further Notice of General Appearance or Notice of Special Appearance is required.

---

[1]      The Civil Case cover Sheet (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment to the Complex Litigation Department by the assigned judge.

Updated December 13, 2022

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

For cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, <u>unless the parties agree otherwise</u>. If the parties agree to conduct discovery in advance of the Initial Case Management Conference, commencement of discovery is governed by statute.

For cases referred to the Complex Litigation Department by other judges, discovery is not stayed pending the Initial Case Management Conference.

## OBLIGATION TO MEET AND CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b) , and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

**The Joint Statement must be <u>filed</u> no later than four court days before the conference. Additionally, counsel are asked to submit <u>courtesy copies</u> of all joint reports to jointcmcreports@sb-court.org. Submission of the courtesy copy is not a substitute for filing the report—the original must still be filed—but will enable the judge to review the report in advance of the conference. If documents other than joint CMC reports are sent to the email address, they will discarded and will not be reviewed by the judge.**

The requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3 .725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is

complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

## REMOTE APPEARANCES AT CASE MANAGEMENT CONFERENCES

Counsel may attend the initial CMC either in person or remotely, via CourtCall.  Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule an appearance.  Audio or video appearances are available.  CourtCall may be used for all CMCs, motions, and other hearings.  In-person attendance is not required at the initial CMC or at subsequent conferences or motions unless specifically ordered by the court.

## CASE MANAGEMENT ORDERS

The court may issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order, usually pursuant to stipulation of the parties. Other cases involving numerous parties or unusual logistical complexity may be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

## ADDITIONAL CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule additional case management conferences as necessary and appropriate on a case-by-case basis.  Typically, the case management conferences are scheduled at six month intervals, though the specific circumstances of the case will determine the frequency of conferences.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

Updated December 13, 2022

As with the initial Case Management Conference, Counsel may attend all CMCs either in person or remotely, via CourtCall. Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule an appearance. Audio or video appearances are available. A joint report must be submitted for every conference, both filed with the court and with a courtesy copy submitted to jointcmsreports@sb-court.org.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the judicial assistant for the judge assigned to the case.

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences. Any exceptions must be pre-approved by the court.

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3 .762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone or video conference, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in the assigned department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately tabbed at the bottom, so that exhibits can be easily identified and retrieved.

Updated December 13, 2022

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties in cases involving numerous parties or large quantities of documents are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence . Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences (IDCs) at the request of counsel. IDCs are off-the-record.  Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege, and other discovery issues that may arise. Counsel may contact the assigned department to schedule an IDC.  Non-discovery issues can also be addressed informally if all counsel agree.

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute.  If the "meet and confer" exchange fails to resolve all issues, the moving party is **required** to request an informal conference with the court before filing any discovery-related motion.  Making a request for an informal discovery conference automatically stays the deadline for filing a motion.

IDCs are conducted by remote video conference, using Zoom.   If counsel's computer (or other device) does not have camera capability, an audio-only option is available.  Video appearance at the IDC, however, is encouraged.  The Court will provide a link to join the conference at the appointed time.  Please provide the Judicial Assistant for the assigned judge with email addresses. No briefing is required for the IDC, but counsel (either jointly or separately) should lodge (not file) a one page statement of the issues in dispute in the assigned department no later than the day before the IDC.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2 .550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will usually schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.

Updated December 13, 2022

- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

## THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences (TRCs) are held at 8:30 or 9:00 a.m., typically on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

## TRIALS

Trial dates are generally Monday through Thursday, 10:00 or 11:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Updated December 13, 2022



**SUPERIOR COURT OF CALIFORNIA**
County of San Bernardino
San Bernardino District – Civil Division
247 West Third Street
San Bernardino, CA 92415-0210



Bibiyan Law
8484 Wilshire Blvd.
Ste. 500
Beverly Hills, CA 90211